**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-40765
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ISRAEL CARMENATE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-1217-2

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Israel Carmenate was charged with one count of conspiracy and one count of possession with intent to distribute approximately 65 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and 18 U.S.C. § 2. The charges arose after a sergeant in the narcotics division of the Texas Department of Public Safety (DPS), who had monitored Carmenate's flatbed tractor-trailer (truck) for three days and observed activity suggesting drug trafficking, requested that a DPS trooper initiate a traffic stop. A trooper subsequently initiated a stop after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carmenate drove his truck onto the improved shoulder of a two-lane highway without signaling for the proper distance. Cocaine was found during a search.

Carmenate thereafter filed a motion to suppress. Following a five-day hearing, the district court denied the motion, and Carmenate proceeded to trial. A jury convicted Carmenate on both counts of his indictment. The district court sentenced Carmenate to 160 months of imprisonment and five years of supervised release. Carmenate filed a timely appeal.

Citing Tex. Transp. Code Ann. § 545.058(a)(5), Carmenate first argues that the traffic stop was not justified at its inception because the reason given for the stop, driving on an improved shoulder, is not a violation of Texas law when the driver is permitting another vehicle to pass. Even in the absence of a traffic violation, however, the record reflects that the stop at issue herein was constitutionally permissible at its inception, based on the collective knowledge of all the officers involved, which gave rise to a reasonable suspicion that criminal activity might be afoot. *See United States v. Brigham*, 382 F.3d 500, 506-07 (5th Cir. 2004) (en banc) (citing *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968); *see United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008) ("[A]n investigative vehicle stop is permissible under *Terry* only when the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot."); *see United States v. Holloway*, 962 F.2d 451, 459 n.22 (5th Cir. 1992) (stating that reasonable suspicion is based on the "collective knowledge and experience of the officers involved").

Carmenate next argues that his continued detention after the stop was unreasonable because he and his passenger were questioned about issues totally unrelated to the reason given for the stop. The record reflects that the actions of the troopers were "reasonably related to the circumstances that justified the stop, or to dispelling [a] reasonable suspicion [that] developed during the stop." *See Brigham*, 382 F.3d at 507 (citing *Terry*, 392 U.S. at 19-20). Specifically, the investigative methods following the stop "were reasonable, proceeded with

deliberation in response to evolving conditions, and evince[d] no purposeful or even accidental unnecessary prolongation." *See id.* at 511.

Carmenate next argues that (1) his consent to the search was involuntary because his initial stop was in violation of the Fourth Amendment; (2) that his consent was not an independent act of free will because he was never free to leave after his initial detention; (3) that the district court erred by failing to make a finding regarding the voluntariness of his consent; and (4) that the troopers exceeded the scope of his consent by forcibly breaking apart the floor boards of his trailer bed. Contrary to Carmenate's argument, the initial stop was proper for the reasons discussed above. Moreover, this court need not analyze the voluntary nature of his consent.

Specifically, the visual inspection under Carmenate's truck did not require his consent. *See United States v. Muniz-Melchor*, 894 F.2d 1430, 1434 (5th Cir. 1990). The subsequent discovery of suspicious markings created a reasonable belief that the truck contained a hidden compartment. *See United States v. Inocencio*, 40 F.3d 716, 724 (5th Cir. 1994). "[E]vidence of a hidden compartment supports 'probable cause' for a search/arrest." *United States v. Estrada*, 459 F.3d 627, 633 (5th Cir. 2006) (internal citation omitted). When probable cause for a search exists, consent is not required. *See United States v. Mendoza-Gonzalez*, 318 F.3d 663, 666 (5th Cir. 2003) (stating that a search is permissible without a warrant as long as there is "either the consent of the owner to conduct the search or probable cause to believe that the vehicle contains contraband or other evidence of a crime").

Accordingly, the judgment is AFFIRMED.